NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIANG ZHENG,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 20-71371

Agency No. A205-452-174

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2021[**]
Honolulu, Hawaii

Before: NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Jiang Zheng, a native and citizen of China, petitions for review of an order

of the Board of Immigration Appeals ("BIA") upholding the denial of her claims

for asylum, withholding of removal, and relief under the Convention Against

Torture. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We held this case in abeyance pending our en banc proceedings in *Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc). We now grant the petition and remand this case to the BIA to apply the legal standard that we announced in *Alam*.

The Immigration Judge ("IJ") determined that Zheng was not credible because of an inconsistency in her oral testimony and written submissions regarding the number of people that the Chinese police arrested at a religious gathering at Zheng's house. The IJ identified no other substantive inconsistencies in her testimony. In upholding the IJ's adverse credibility determination, the BIA appeared to rely—at least in part—on our decision in *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), for the proposition that it "must uphold" that determination "so long as even one basis is supported by substantial evidence."

The BIA erred by relying on this "single-factor rule." First, that rule applied only to this court's review of a BIA decision, not to the BIA's review of an IJ decision. *Rizk*, 629 F.3d at 1087 (noting that the *court of appeals* "must uphold the IJ's adverse credibility determination" if a single ground is supported by substantial evidence). Second, we recently abrogated the single-factor rule in *Alam v. Garland*, holding that the rule conflicts with the REAL ID Act of 2005, which requires that credibility determinations be made—and reviewed—based on the "totality of the circumstances and all relevant factors." 11 F.4th at 1135-37.

Accordingly, we remand this case for reconsideration of the IJ's credibility determination under the proper test.

**PETITION GRANTED.**